AMY C. DURYEE, complainant,

*v.*

MARY O. DURYEE, defendant.

[Decided October 19th, 1923.]

Testator gave his estate to his wife for life, remainder to his children in equal shares. The shares of his daughters to be invested by the executors, the income to be paid to them during life, and the principal "to be paid over according to the disposition she may make of the same by her will." *Held*, that the limited right of disposition by will was not a mere power to appoint by will; that the legacies were vested in the daughters and formed part and parcel of their estates for general testamentary disposition.

On bill for directions to a trustee.

*Mr. Henry H. Dawson,* for the complainant.

*Mr. Howard F. Kirk, Mrs. John L. Rankin* and *Mr. Francis Lafferty,* for the defendant.

BACKES, V. C.

By the fifth clause of his will Peter S. Duryee testated as follows:

"It is my will that at the termination of my wife's life all my estate, real and personal, excepting the residence and furniture that may in the opinion of my executors be requisite, as stated in the second and third items, for my family, be equally divided among the children of myself and wife as follows: The portion of each of my daughters is to be invested and my executors are to pay them, during their respective lives, the income arising therefrom; and the principal of each daughter's portion is at the death of such daughter to be paid over according to the disposition she may make of the same by her will, and if she dies intestate then to be paid over to her child or children, if she leaves any, and if she dies intestate and leaves no child or children, the principal is to be equally divided among my other children."

6

(The remainder of the clause provides for the payment of the legacies to the sons at the age of twenty-one.)

Anna B. Duryee, a daughter, died recently leaving a last will and testament in which she bequeathed to various legatees about $39,000; residue to her brothers and sisters; children of deceased brothers and sisters to take their parent's share. She also empowered her executors to make settlements of her interests in the estates of her father and mother, and to give full and complete releases for the same.

The complainant is in doubt and asks to be advised whether Anna's portion of her father's estate is disposed of by her will.

The bequests to the daughters vested in them at the death of their father, with a limitation upon their right of disposition, subject, however, to being divested if they died intestate. · They could not spend the principal, but they could dispose of it by will. The portions given to the daughters were incorporated in and became a part of their estates if they died testate and passed by their will.

The instant case is not one of mere power of appointment by will, as in *Farnum* v. *Pennsylvania Company for Ins., &c., 87 N. J. Eq. 108,* where it was held that the intention to execute such a power must, in some form of expression, be found in the appointor's will, either by express terms or recitals or by necessary implication.

It was also Miss Duryee's conception that her share of her father's estate formed a part of her estate for disposition by will, for the amount of her legacies far exceeded her private fortune. This is also emphasized by the authority given to her executors to make settlement with her father's estate.

The complainant is advised, in distributing Anna B. Duryee's estate according to the directions of her will, to include that which came from her father.